ISABELLA MACKEY WIDOW, JOHN ZENON MACKEY AND OTHERS, HEIRS OF JAMES MACKEY, APPELLANTS v. THE UNITED STATES.

A grant of land in Missouri, made by the lieutenant-governor of Upper Louisiana, before the treaty of 1803, confirmed.

In repeated decisions, the supreme court have affirmed the authority of local governors, under the crown of Spain, to grant land in Louisiana, before the same was ceded by Spain to France: and the court have also affirmed the validity of descriptive grants, though not surveyed before the 11th of March 1804 in Missouri, and the 24th of January 1818 in Florida.

ON appeal from the district court of the United States, for the district of Missouri.

The case is stated in the opinion of the court.

It was argued by Mr White, for the appellants; and by Mr Butler, attorney-general, for the United States.

Mr Justice BALDWIN delivered the opinion of the Court.

This is an appeal from the decree of the district court of Missouri, rejecting the claim of the appellants to eight hundred arpents of land in that state; for the confirmation of which they had filed their petition, pursuant to the provisions of the act of 1824, for the adjustment of land claims in that state.

The petition was in the form prescribed by the law, presenting a proper case for the jurisdiction of the court.

The claim of the petitioners was founded on an application by James Mackey, to the lieutenant-governor of Upper Louisiana, on the 13th of September 1799; for a grant of eight hundred arpents of land, at a place therein particularly described. On the 14th of the same month, the application was granted by the lieutenant-governor, with directions to make the survey, and put the party into possession.

The grant or commission was proved to have been in the handwriting of the surveyor-general; the signature of the lieutenant-governor was also proved to be genuine. The claim of the petitioner was rejected by the district court; on the ground that the grant was not consistent with the regulations of O'Reilly, made in 1770, and was invalid for the want of authority to make it.

[Mackey v. The United States.]

Having heretofore decided that these regulations were not in force in Upper Louisiana, this court cannot consider them as in any way affecting the title of the petitioners. In repeated decisions we have affirmed the authority of the local governor to make grants of land, and have also affirmed the validity of descriptive grants ; though not surveyed before the 10th of March 1804, in Missouri ; and the 24th of January 1818 in Florida.

But there is another objection to the title of the claimants, which is suggested in the decree of the court below ; though it is not assigned as a reason for its rejection.

In the original petition to the lieutenant-governor, the land prayed for is described as adjoining the land of Mr Choteau ; whereas the grant to Choteau for the land referred to, was not made until January 1800, four months after the date of Mackey's application, in September 1799. This was deemed a circumstance tending to show that his grant was fraudulently antedated ; and had it not been explained, would have induced this court to have directed an issue to the court below to try its genuineness.

By the record in the case of Choteau's Heirs, decided at the last term, 9 Peters 142, 143 ; it appears, that by a letter of the 20th of May 1799, the governor-general of Louisiana directed the governor of the upper province to favour all the undertakings of Mr Choteau. In the evidence given in that case it was established, that Mr Choteau had erected a distillery on the tract granted to him in 1800, as early as 1796 ; which was occupied and in operation from that time until the date of the grant : after obtaining which he enlarged and continued the establishment at the same place. It is therefore perfectly consistent with the date of Mackey's application, that he should refer to land in the occupation and actual possession of Choteau; though he had not at the time any grant or orde. of survey. The record in the present case also shows that the court below have considered this subject, and did not think the reference to Choteau's land was such evidence of fraud or antedating of the grant, as to make it their duty to prevent it from being used as evidence of title to the land claimed.

The final decree was rendered on the 15th of January 1830. On the 16th, the court ordered that the clerk retain, with the papers on file in this case, the concession upon which the claim is founded, until its further order. On the 18th, the court " ordered that the petitioners show cause why the concession under which the petitioners claim

[Mackey v. The United States.]

should not be impounded by the court." This rule was discharged on the 5th of February 1830.

After such evidence as appears on the record in the case of Choteau, and the proceedings of the district court in this case in relation to the grant to the petitioner; it is fair to presume that that court was satisfied on their last examination that the grant to Mackey was genuine, and not open to any impeachment on account of the reference to Choteau's adjoining land. It would be assuming much in this case, for this court to decide, as a matter of fact, that the grant was fraudulent and void: the proof of the signature to and the handwriting of the grant is positive and uncontradicted: and the reference to Choteau's land, before the date of the grant to him, is accounted for. We therefore are of opinion that the grant was genuine, and that the title of the petitioners derived therefrom is valid by the law of nations, of the United States, of Spain; under whose government the claim originated; and by the stipulations of the treaty ceding Louisiana to the United States; and ought to be confirmed.

It is therefore ordered, adjudged and decreed by this court, that the decree of the district court be, and the same is hereby reversed; and proceeding to render such decree as the said district court ought to have rendered; it is further ordered, adjudged and decreed, that the title of the petitioners to the land described in their petition to the district court, is valid by the laws and treaty aforesaid, and the same is hereby confirmed as therein described: and that the surveyor of public lands in Missouri be, and he is hereby directed to survey the quantity of land claimed in the place described in the petition and grant, or concession; that he deliver to the petitioners a copy or plot of such survey, and also do and perform such other acts and things therein, as by law are directed.